**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **SLAVE LEGACY, LLC** | : | Case No. |
| | : | Judge: |
| Plaintiff, | : | |
| v. | : | |
| **SON OF SLAVE** | : | |
| and | : | **VERIFIED COMPLAINT** |
| | | Complaint for Copyright and Trademark Infringement and Request for TRO and Injunction |
| **MARK LAQUAN AKRIDGE** | : | |
| Defendants. | : | |
| | : | **\*\*JURY TRIAL DEMANDED\*\*** |

Plaintiff, Slave Legacy, LLC ("Plaintiff") by and through undersigned counsel, hereby files this Complaint against Son of SLAVE and Mark LaQuan Akridge (hereinafter referred to as "Defendant" or collectively the "Defendants") and alleges as follows:

**PARTIES**

1. The band SLAVE (hereinafter referred to as "SLAVE") was a legendary Ohio-based funk band based out of Dayton, Ohio. Plaintiff, Slave Legacy LLC, oversees the interests in SLAVE master recordings, musical compositions, and other intellectual property.

2. Defendant, Son of SLAVE, is a band performing the songs and musical compositions of Plaintiff without permission, playing at various venues and establishments throughout the United States, including Ohio.

3. Upon information and belief, Defendant, Son of SLAVE maintains a place of business or residence in Mercer Island, Washington, and Dayton, Ohio. Furthermore, Defendant conducts substantial business within this jurisdiction.

4. Defendant, Mark LaQuan Akridge, is a musician and leader of the band known as Son of SLAVE. Upon information and belief, Defendant Akridge resides in Dayton, Montgomery County, Ohio.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et. seq.*), trademark infringement under the laws of the United States, and violation of the Ohio Deceptive Practices Act (Ohio Rev. Code § 4165.01 *et seq.).*

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) as it involves claims arising under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.;* and the trademark laws of the United States.

7. Pursuant to 28 U.S.C. § 1367, the Court may exercise supplemental jurisdiction over the state law claims in this action because the claims are so related to the case and controversy regarding the copyright and trademark infringement committed by Defendants.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this district, and Defendants can be found within this district.

## FACTUAL BACKGROUND

9. SLAVE is a renowned funk band that created, recorded, and released numerous original musical compositions, including: Slide, Screw Your Wig on Tite, Party Hardy, Son of Slide,

You and Me, Love Me, The Happiest Days, Separated, Life Can Be Happy, The Great American Funk Song, Can't Get Enough of You, Baby Sinister, The World's on Hard, The Party Song, We Can Make Love, Volcano Rupture, Stellar Fungk, The Way You Love is Heaven, Thank You Lord, Drac is Back, We've Got Your Party, Just Feak, Coming Soon, Just a Touch of Love, Are You Ready For Love, Funky Lady (Foxy Lady), Roots, Painted Pictures, Thank You, Shine, Warning, Let's Spend Some Time, Feel My Love, Starting Over, Sizzlin' Hot, Watching You, Dreamin', Never Get Away, Stone Jam, Snap Shot, Party Lites, Spice of Life (You're The Best), Wait for Me, Steal Your Heart, For the Love of U, Funken Town, Smokin, Intro (Come to Blow Ya Mind), Do You Like It . . . (Girl), I'll Be Gone, Friday Nites, By My Babe, Sweet Thang, Stay In My Life, Visions, Stepping Out, Bad Girl, Turn You Out (In & Out), Shake It Up, Dance, and Rendezvous, (hereinafter the "Copyright Works"), which are protected by copyright law.

10. Valid copyrights were established at or around the time the Copyright Works were created, produced, performed, and distributed.

11. Plaintiff became co-owner of the Copyright Works pursuant to a resolution in Civil Action No.: 18 Civ. 2733 (DAB) in the United States District Court for the Southern District of New York. The case was on appeal when the parties resolved the dispute.

12. Defendants, without obtaining the necessary licenses, permissions, or authorization, willfully performed and reproduced Plaintiff's copyrighted musical compositions (the Copyright Works) at various venues and establishments throughout the United States, including Ohio.

13. Defendants, without obtaining the necessary licenses, permissions, or authorization, have willfully and intentionally utilized SLAVE's Copyright Work.

14. Defendants' unauthorized performances and reproductions of Plaintiff's copyrighted works (the Copyright Works) constitute direct copyright infringement under 17 U.S.C. § 501.

15. Defendants are currently on tour and performing the Copyright Works, which caused, and continues to cause, substantial damage and irreversible injury to Plaintiff's reputation and brand.

16. Defendants refused to cease and desist from performing the Copyright Works after being put on notice by Plaintiff of the infringing activities. Plaintiff's cease and desist letter is attached as Exhibit 1.

17. Defendants' performance of the Copyright Works in Dayton, Ohio on June 10, 2023, at the Levitt Pavilion Dayton, will further cause substantial, irreparable, and irreversible harm to Plaintiff and the band SLAVE.

18. Defendants' performance of the Copyright Works at Levitt Pavilion Dayton will lead to confusion about the band SLAVE, harm the brand and reputation of SLAVE, and injure Plaintiff who is responsible for and oversees the band's musical compositions and recordings.

19. Defendants' future performances of the Copyright Works throughout Ohio and the United States will cause substantial, irreparable, and irreversible harm to Plaintiff's reputation, legacy, and stature as a world-renowned funk band.

20. Damages for Defendants' performance of the Copyright Works cannot be reasonably ascertained at this time, nor would they adequately compensate Plaintiff for the injuries incurred because of Defendant's continued willful and intentional misappropriation of the Copyright Works.

21. Plaintiff and the band SLAVE have used the SLAVE Trademark since approximately 1976.

22. Plaintiff is the lawful owner of the U.S. Registration Number 97521349, registered July 26, 2022, for the SLAVE trademark for IC 009. US 021 023 026 036 038. G & S: Pre-recorded vinyl records featuring music of the musical recording group pka Slave and cds and downloadable music.

23. Plaintiff invested resources including cash, time, and talent in promoting good and services associated with the SLAVE trademark throughout the United States.

24. The SLAVE trademark and the goodwill associated with it have become valuable assets of Plaintiff.

25. Upon information and belief, each Defendant infringed upon and has used the SLAVE Trademark without express authorization from Plaintiff.

26. Upon information and belief, as of the date of the filing of this Complaint, each Defendant continues to infringe upon and uses the trademark without express authorization.

27. Upon information and belief, each Defendant has used the SLAVE trademark in connection with performances, promotional products, marketing and social media advertising in a manner that creates a likelihood of confusion.

28. Further, upon information and belief, there is a high likelihood that the continued use and promotion by each Defendant of the trademark will cause additional confusion in the marketplace as to the source of goods and services promoted and sold by Plaintiff and each Defendant.

29. The overlap in services/performances and consumers combined with each Defendant's unauthorized use of the SLAVE trademark is likely to cause confusion.

## COUNT I: COPYRIGHT INFRINGEMENT

30. Plaintiff reasserts and incorporates the allegations contained in paragraphs 1-29 above as if fully restated herein.

31. As set forth above, Plaintiff is the co-owner of the Copyright Works and oversees the interests in Slave master recordings and musical compositions.

32. Plaintiff never authorized, licensed, or granted permission for Defendant to publicly perform or reproduce the Copyright Works.

33. Defendant's unauthorized performance and reproduction of Plaintiff's copyrighted musical compositions (the Copyright Works) constitute willful infringement of Plaintiff's exclusive rights under 17 U.S.C. § 106.

34. Defendant's infringement activities infringed on Plaintiff's Copyright Works.

35. Upon information and belief, Defendant profited from and continues to profit from the infringement of the Copyright Works.

36. Defendant's infringing activities have caused and continue to cause substantial harm to Plaintiff, including but not limited to financial losses, damage to Plaintiff's reputation, and diminution of the value of Plaintiff's copyrighted works.

37. Defendants were put on notice of the infringement pursuant to a cease-and-desist letter submitted on or around May 1, 2023; however, Defendants willfully and intentionally continued to infringe for their financial benefit.

38. Plaintiff seeks a temporary restraining order and other injunctive relief restraining Defendant from further infringing activities, pursuant to 17 U.S.C. § 502, and any additional remedies available under law, including actual damages, statutory damages, and attorneys' fees, as provided by 17 U.S.C. §§ 504 and 505.

## COUNT II: INFRINGEMENT OF A
## FEDERALLY-REGISTERED TRADEMARK

**39.** Plaintiff reasserts and incorporates the allegations contained in paragraphs 1-38 above as if fully restated herein.

**40.** As described in this Complaint, each Defendant has infringed upon Plaintiff's registered trademark in interstate commerce by various acts, including, without limitation, the adoption of the trademark and the sale and advertisement of goods, services, and performances in connection with the infringing trademark.

**41.** Defendants' adoption and use of the infringing marks is without permission or authority from Plaintiff and has caused and is likely to cause confusion, mistake and/or intended to deceive those in the relevant market.

**42.** Each Defendant has adopted and used the infringing marks in connection with its performances and services and with constructive notice of the Plaintiffs registration under 15 U.S.C. § 1072.

**43.** By engaging in the complained-of conduct, each Defendant used in commerce, without the consent of Plaintiff, a reproduction, counterfeit, copy or colorable imitation of the registered trademark and/or reproduced, counterfeited, copied or colorably imitated the registered trademark or applied a reproduction, counterfeit, copy or colorable imitation of the registered trademark to its website, social media, and other tangible items intended to be used in commerce or reach consumers in violation of 15 U.S.C. § 1114.

**44.** Each Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

**45.** Plaintiff seeks a temporary restraining order and other injunctive relief restraining Defendant from further infringing activities, and any additional remedies available under

law, including actual damages, statutory damages, and attorneys' fees and costs of the action.

## COUNT III: VIOLATION OF OHIO'S DECEPTIVE TRADE PRACTICES ACT

46. Plaintiff reasserts and incorporates the allegations contained in paragraphs 1-45 above as if fully restated herein.

47. Plaintiff is the owner of the federal trademark registrations identified in this Complaint. The SLAVE trademark is distinctive.

48. Each Defendant's use of the SLAVE trademark will cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of the goods or services in violation of Chapter 4165.02(A)(2) of the Ohio Revised Code.

49. Each Defendant's use of the SLAVE trademark will cause likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by Plaintiff in violation of Chapter 4165.02(A)(3) of the Ohio Revised Code.

50. Each Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Slave Legacy, LLC respectfully requests that this Honorable Court:

A. Enter judgment in favor of Plaintiff on all counts alleged herein;

B. Grant a temporary restraining order pursuant to Fed. R. Civ. P. 65 prohibiting Defendants from further performances of the Copyright Works;

C. Schedule a hearing for a preliminary injunction pursuant to Fed. R. Civ. P. 65;

**D.** Enjoin Defendants from further infringing Plaintiff's copyrighted master recordings and musical compositions;

**E.** Enjoin Defendants from further infringing Plaintiff's trademarks;

**F.** Award Plaintiff any actual damages suffered as a result of Defendants' copyright and trademark infringement, to be determined at trial;

**G.** Alternatively, award statutory damages to Plaintiff as allowed under 17 U.S.C. § 504(c) and Chapter 4165 of the Ohio Revised Code;

**H.** Order Defendants to account for and deliver up to Plaintiff any infringing materials in Defendant's possession, custody, or control;

**I.** Award Plaintiff its reasonable attorneys' fees and costs incurred in connection with this action, as provided by 17 U.S.C. § 505; and

**J.** Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable.

Respectfully submitted,

/s/ C. Jacob Davis
C. Jacob Davis, Esq. (#101745)
Nalls Davis | Attorneys at Law
33 White Allen Avenue
Dayton, Ohio 45405
Jacob.Davis@nallslaw.com
Phone (937) 813-3003
Fax (937) 200-7285
*Attorney for Plaintiff, Slave Legacy LLC*

Christopher M. Nalls, Esq. (#97467)
Nalls Davis | Attorneys at Law
33 White Allen Avenue
Dayton, Ohio 45405
Chris@nallslaw.com
Phone (937) 813-3003

Fax (937) 200-7285
*Attorney for Plaintiff, Slave Legacy LLC*
***Appearing Pro Hac Vice***

**Certificate of Service**

I hereby certify that service is being made upon Defendant as required by the Federal Rules of Civil Procedure on this 5th Day of June, 2023.

*/s/ C. Jacob Davis*
C. Jacob Davis (#101745)
Attorney for Plaintiff, Slave Legacy, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **SLAVE LEGACY, LLC** | : | **Case No.** |
| | | **Judge:** |
| | : | |
| **Plaintiff,** | | |
| | : | |
| **v.** | | |
| | : | |
| **SON OF SLAVE** | | |
| | : | |
| **and** | | |
| | : | **VERIFICATION OF COMPLAINT** |
| **MARK LAQUAN AKRIDGE** | | |
| | : | |
| **Defendants.** | | |
| | : | |

## DECLARATION

I declare, certify, and verify under penalty of perjury that the foregoing Complaint is true and correct, to the best of my knowledge.

Executed on this 2nd Day of June, 2022.

*Thomas Lockett, JR.*

Thomas Lockett, Jr.
Slave Legacy, LLC

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **SLAVE LEGACY, LLC** | : | **Case No.** |
| | | **Judge:** |
| | : | |
| **Plaintiff,** | | |
| | : | |
| **v.** | | |
| | : | |
| **SON OF SLAVE** | | |
| | : | |
| **and** | | |
| | : | **TEMPORARY RESTRAINING** |
| **MARK LAQUAN AKRIDGE** | : | **ORDER CERTIFICATION** |
| | | |
| **Defendants.** | : | |

---

## CERTIFICATION

I, Christopher M. Nalls, certify and declare:

1. I am co-counsel for the Plaintiff, Slave Legacy, LLC.

2. I verify that the attached Cease and Desist Letter ("Exhibit 1") was provided to Mark LaQuan Akridge via electronic mail on or around May 1, 2023.

3. I further verify that the foregoing Verified Complaint and request for injunctive relief is being submitted to Defendants via certified mail and electronic mail.

4. Immediate and irreparable injury, loss, and damage will result to my client if Defendants are permitted to continue performing the Copyright Works without permission or authorization.

5. Defendants scheduled performance on June 10, 2023 at Levitt Pavilion Dayton will especially cause harm and injury to Plaintiff's brand, legacy, and goodwill with its fans.

6. Granting a Temporary Restraining Order in this matter is necessary to preserve Plaintiff's Copyright Works.

*/s/ Christopher M. Nalls*
Christopher M. Nalls (#97467)
Co-Counsel for Plaintiff, Slave Legacy, LLC

**EXHIBIT 1 – CEASE AND DESIST LETTER**



**(937) 813-3003**

Chris@nallslaw.com

**33 White Allen Avenue
Dayton, Ohio 45405**

**To:**
Son of "SLAVE"
ATTN: Mark Akridge
Monsterbass5@gmail.com

via Electronic Mail

May 1, 2023

**Re: Cease and Desist Demand - Unauthorized Use of Slave Legacy LLC's Copyrighted Material**

Dear Son of "SLAVE":

I am writing to you on behalf of my client, Slave Legacy, LLC ("Slave Legacy" or my "Client"). Slave Legacy oversees the interests in master recordings and musical compositions from the original funk band, "*Slave.*" As you know, Slave was a legendary Ohio-based fund band in the 1970s and 1980s.

Slave Legacy owns the copyright to a range of iconic Slave songs from the 1970s and 1980s. Copyright protection is a legal concept that grants the creator of an original work exclusive rights to control the use and distribution of that work. A copyright is designed to protect the rights of the creator and ensure that they are fairly compensated for their work. If someone else wants to use the work, they generally need to obtain permission from the copyright holder or pay a fee for the right to use it.

It has come to our attention that your tribute band, Son of SLAVE, has been performing and promoting itself using copyrighted material owned by my Client. Your unauthorized use of my Client's material is illegal and constitutes copyright infringement.

Additionally, your unauthorized use of my client's copyrighted material is causing irreparable harm to their brand and reputation. We demand that you immediately cease and desist from using any and all copyrighted material owned by my client, including but not limited to, performing, recording, or selling their music.

My client takes their intellectual property rights very seriously and will not hesitate to take legal action to protect their copyrighted material. We are prepared to file a lawsuit against you to stop your unlawful activities and recover any damages that my client has suffered as a result of your infringement.

1

I strongly advise you to immediately comply with this demand to avoid the expense and inconvenience of litigation. Please confirm in writing that you have ceased all unauthorized use of my client's copyrighted material.

Failure to comply with this demand will result in legal action, including but not limited to, seeking a preliminary injunction, monetary damages, and any other remedies available to us under the law.

**Although we hope a mutually beneficial resolution is imminent, this letter formally places you on notice of the legal requirements concerning document retention and we expect you and all affiliates to honor such requirements.** You have a legal obligation to maintain and preserve any and all documents, materials, papers, emails, faxes, letters, text messages, phone calls, voicemails, audio recordings, and information, in any form whatsoever, that may be potentially relevant to the subject matter, or discoverable in any potential action arising from, this action.

Please be advised that this letter is not intended as a complete statement of the facts or law and is without prejudice to my client's rights, claims, or defenses, all of which are hereby expressly reserved.

We request your response by May 8, 2023. Thank you for your immediate attention to this matter.

Sincerely,

Christopher M. Nalls, Esq.
Nalls Davis | Attorneys at Law
33 White Allen Avenue
Dayton, Ohio 45405
Phone: (937) 813-3003
Fax: (937) 200-7285
Chris@nallslaw.com
Attorney for Slave Legacy, LLC